**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No. 10-20162

D-2 AARON LAMAR MOORE, a/k/a "Frost",

    Defendants.

_____/

**OPINION AND ORDER GRANTING GOVERNMENT'S**
**MOTION TO PRECLUDE DEFENSE**

Pending before this court is the Government's motion to preclude defense (Dkt. # 40) seeking a determination that mens rea need not be proven to establish a violation of 21 U.S.C. § 841. Section 841(b)(1)(B)(iii) mandates a minimum sentence of five years for violations fo § 841(a) "involving" five grams or more of a mixture that contains cocaine base. Section 841(a) defines a crime of "knowingly or intentionally" manufacturing, distributing, or dispensing a controlled substance or possessing a controlled substance with the intent of doing so.

The Government contends that the sentencing requirements of § 841(b) apply to all violations of § 841(a), without any proof of knowledge of the type or quantity of drugs. This is amply supported by the case law in this circuit. As a preliminary matter, one who aids and abets a crime may be punished to the same extent as the principal in the crime. 18 U.S.C. § 2(a); *United States v. Vasquez*, 560 F.3d 461, 469 (6th Cir. 2009). Therefore, the following analysis does not depend upon whether Defendant may be convicted of distributing cocaine base or aiding and abetting distribution. In order to

establish Defendant aided and abetted distribution of cocaine base in violation of § 841(a)(1), the Government must prove (1) an act contributing to the distribution and (2) an intent to aid the distribution. *See Id.* at 469 (citing *United States v. Hunt*, 521 F.3d 636, 645 (6th Cir. 2008)). If these are shown, Defendant is subject to the same punishment—with the same requirements—as though Defendant had personally and individually distributed cocaine base with the requisite mental state.

It is settled that "the 'government need not prove *mens rea* as to the type and quantity of the drugs' in order to establish a violation of § 841(b)." *United States v. Gunter*, 551 F.3d 472, 484 (6th Cir. 2009) (quoting *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003)). Nor is this court free to ignore the statutorily required minimum sentences in § 841(b). *United States v. Wettstain*, No. 08-5707, 2010 WL 3384982 (6th Cir. Aug. 30, 2010); *United States v. Cecil*, No. 08-5080, 2010 WL 3120027 (6th Cir. Aug. 10, 2010); *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009) (citing *Harris v. United States*, 536 U.S. 545, 565-68 (2002)). Therefore, Defendant may not argue lack of mens rea regarding the quantity of cocaine base that he allegedly distributed or in the distribution of which he allegedly aided and abetted. Accordingly,

IT IS ORDERED that the Government's motion to preclude defense [Dkt. # 40] is GRANTED.

                                              S/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: October 5, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 5, 2010, by electronic and/or ordinary mail.

                                                             S/Lisa Wagner
                                                             Case Manager and Deputy Clerk
                                                             (313) 234-5522